MEMORANDUM *
1. Sufficient evidence supported the jury’s finding, beyond a reasonable doubt, that the dominant purpose of Diaz’s travel to Rota, between August 1, 2010 and September 30, 2010, was to engage in sexual activity with the victim, whom Diaz knew to be a minor. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); United States v. Lukashov, 694 F.3d 1107, 1119 (9th Cir.2012).
2. Because Diaz can be convicted of traveling in interstate commerce with the intent to engage in illicit sexual conduct with a minor without actually having sex with a minor, Diaz’s sentence may be enhanced for having sex with this victim without punishing Diaz twice for that conduct. See U.S. Sentencing Guidelines Manual (“USSG”) § 2G1.3(b)(4)(A) (2011); United States v. Clark, 435 F.3d 1100, 1116 (9th Cir.2006).
3. The district court did not plainly err in calculating Diaz’s criminal history points and category. The facts included in the pre-sentence investigation report and presented at trial provided sufficient evidence for the district court to conclude (by a preponderance of the evidence) that Diaz formulated the intent to engage in illicit sexual conduct with this minor within ten years of his two prior convictions, even *628 though he traveled outside the ten year period. See USSG § 4A1.2(e)(2). Federal officials received information that Diaz was having sexual relations with a minor in Rota in April 2010. For months before Diaz traveled to Rota, he and the minor had telephone conversations five to six times per week. In May 2010, Diaz asked permission of the minor’s parents to date her; Diaz attended her junior high graduation; and the victim claimed that Diaz had sex with her (although impeaching evidence was introduced on this point).
4. The district court considered the 18 U.S.C. § 3558(a) factors, did not base its decision on erroneous facts, and considered the totality of the circumstances to arrive at a sentence that was procedurally and substantively reasonable. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.